MARY SUTA, Administratrix, and ZALIE GOTTLIEB, Coadministratrix, etc., of CHARLES SUTA, Also Known as CAROL SUTA, CAROL SUTTER and KAROL SUTTA, Respondents, *v.* MARY ZAPOTOCHNY, Appellant.

First Department, May 13, 1938.

*Louis A. Russo* of counsel [*Catinella & Catinella,* attorneys], for the appellant.

*Martin Gottlieb,* for the respondents.

TOWNLEY, J. This action involves a controversy as to the ownership of the proceeds of two life insurance policies issued by the John Hancock Mutual Life Insurance Company upon the life of one Charles Suta. The insurance company paid the amount of the policies into court after an order of interpleader had been entered with respect to the two claimants.

Plaintiffs are administratrices who claim the fund upon the theory that the policies are payable to the estate of the insured. Defendant claims as beneficiary substituted in place of the estate during the life of the insured. At the trial, plaintiffs, who proved their appointment as administratrices, introduced a stipulation to the effect that the policies had been originally issued with the estate as beneficiary. Plaintiffs relied on the presumption that a given state of facts is presumed to continue and on this presumption of continuity they rested, offering no further proof.

Defendant then offered in evidence the original policies, the applications upon which they were issued and the requests for change of beneficiary to the defendant. The original policies upon which plaintiffs rely bore indorsements changing the beneficiary to the defendant. These indorsements were authenticated by the signature of the secretary of the insurance company. This is the same signature which appeared upon the original policies. The trial court received these documents at first subject to authentication. They were afterwards excluded.

Section 332 of the Civil Practice Act provides for proof of instruments by comparison of handwriting, as follows: " Comparison of a disputed writing with any writing proved to the satisfaction of the court to be the genuine handwriting of any person claimed on the trial to have made or executed the disputed instrument or writing shall be permitted and submitted to the court and jury " in the same manner as testimonial proof of authenticity. Applying this section to the proof as it was introduced by the defendant we find that the accomplished change of beneficiary by the insurance company is self-established by the comparison of handwriting. The presumption, if any, was, therefore, rebutted and the burden was cast back upon the plaintiffs of going forward with the evidence or establishing that at the time of death the estate was still the beneficiary.

Under the pleadings, plaintiffs in their reply claimed that the change of beneficiary, if any, was brought about by fraud and

undue influence and that at the time of the execution of the change the insured was incompetent. This was the substantial issue presented by the pleadings and it has not been tried.

The judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.

O'MALLEY, GLENNON, UNTERMYER and CALLAHAN, JJ., concur.

Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.